# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**REBA WALKER,**

        **Plaintiff,**

**v.**                                                                                               **Case No. 10-C-180**

**UNITED FINANCIAL SERVICE,**

        **Defendant.**

## DECISION AND ORDER

On July 22, 2010, based on Plaintiff Reba Walker's ("Walker") acceptance of Defendant United Financial Services's ("United Financial") offer of judgment pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court awarded Walker $1,000 on her Fair Debt Collection Practices Act ("FDCPA") claim, and reasonable costs and attorneys' fees. By her motion and supplemental request, Walker seeks an award of $7,037.00 in costs and attorneys' fees.

Although Walker's motion includes a request for costs in the total amount of $410.00 for the filing fees and service of summons and complaint, those costs were taxed by the Clerk of Court on August 16, 2010. Therefore, the $410.00 for costs will be subtracted from the amount sought by Walker's motion reducing the sum to $6627.00 for attorneys' fees.

The $6627.00 for attorneys' fees is based on a total of 30 hours expended on this action. The total time breaks down as follows: 2.4 hours of work by Attorney Larry Smith

("Smith") at $350 per hour; 21.4 hours of work by Attorney David Marco ("Marco") at $250 per hour; 2.8 hours of work by Attorney Ashley Decker ("Decker") at $175 per hour; and 3.4 hours of paralegal work at $105.00 per hour. Of the hours spent on the case, 6.5 hours of work was done after Walker filed her acceptance of the offer of judgment on July 13, 2010. Those hours were devoted to recovering attorneys' fees.

United Financial does not contest the reasonableness of the claimed hourly rates. However, it raises objections to the time claimed asserting that the motion contains requests for duplicative work, billing for secretarial or administrative functions, and unreasonable time spent on matters. United Financial also contends that there are several examples of counsel claiming an unreasonable amount of time for reissuing form documents. It also maintains that no attorneys' fees should be allowed for time expended on this action after Walker accepted the offer of judgment.

Section 1692k(b)(1) of Title 15 of the United States Code provides that "in the case of any successful action to enforce the foregoing liability, [a debt collector is liable for] the costs of the action, together with a reasonable attorneys' fee as determined by the court." *See Tolentino v. Friedman*, 46 F.3d 645, 651-52 (7th Cir. 1995) (holding that an award of fees to a successful plaintiff is "mandatory").

The general rule for calculating attorneys' fee awards under fee shifting statutes is applicable to attorneys' fees awards under the FDCPA. *See Gastineau v. Wright*, 592 F.3d 747, 748-49 (7th Cir. 2010); *Schlacher v. Law Offices of Phillip J. Rotche & Assoc., P. C.*, 574 F.3d 852, 856-57 (7th Cir. 2009). The starting point is the lodestar, which is calculated by

2

multiplying the number of hours reasonably expended by the reasonable hourly rate. *Gastineau*, 592 F.3d at 748 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). If necessary, the court has the flexibility to "adjust that figure to reflect various factors including the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation." *Gastineau*, 592 F.3d at 748 (quoting *Schlacher*, 574 F.3d at 856-57). "The standard is whether the fees are reasonable in relation to the difficulty, stakes, and outcome of the case." *Connolly v. Nat'l Sch. Bus. Serv., Inc.*, 177 F.3d 593, 597 (7th Cir. 1999) (quoting *Bankston v. Illinois*, 60 F.3d 1249, 1256 (7th Cir.1995)). The party seeking the fee award bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed. *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 550-59 (7th Cir. 1999).

As to Decker, United Financial asserts that none of her time is allowable because she is not admitted to practice in this District. United Financial cites no authority for that ground for disallowance. Attorneys who appear in this District must be admitted to practice. However, Decker did not file a notice of appearance in this action. The Court will not disallow her fees on that basis. United Financial also contests .9 hours spent by Decker on June 2, 2010, for file review and client contact. Decker's June 2, 2010, time entry states:

> Review file for all responsive documents and for details of any potential witnesses, review database and prepare correspondence to client to request responsive information and/or documents for Rule 26(a) Disclosures. Contact client to further discuss case & information to include in Rule 26(a) Disclosures. Prepare initial draft of Rule 26(a) Disclosures & pull all related documents. Review with supervising attorney (DMM) and make all necessary changes.

(Mot., Ex. E.) The time claimed for the work that Decker performed is reasonable and will not be reduced. Likewise, the 1.6 hours claimed for tasks performed by Decker on June 15, 2010, is reasonable and will be allowed. United Financial also contends the .3 hours that Decker spent on July 14, and July 20, 2010, to review this District's local rules, should not be compensable. However, professionalism demands that counsel consult and follow the District's local rules. The time that Decker spent doing so was reasonable and will be allowed.

United Financial also objects to the 2.4 hours spent on the file by Smith on December 11 and 15, 2009, and on January 5, 2010. Having considered Walker's responses to those objections, the Court concludes that the time claimed for the work performed is reasonable and will not reduce those fees.

Of the 3.4 hours claimed for work done by Roth, a paralegal, United Financial objects to 1.8 of those hours indicating that the work done on December 17, 2009, March 8, March 16, March 22, April 7, June 16, and June 30, 2010, was secretarial and should not be allowed. This Court has reviewed the challenged hours and concludes that the majority of them were devoted to secretarial tasks. The claimed tasks included opening a file in the database; making diary entries in the system; creating a client file; checking county and court filing information (December 17, 2009); and contacting the process server to ascertain the cost of service; preparing correspondence to the process server regarding the same; and updating the service chart (March 8, 2010). Therefore, the Court will exclude 1.5 of the 1.8 hours claimed, reducing the fees to be awarded by $187.50.

With respect to the April 7, and June 15, 2010, work, United Financial also claims that the work done was duplicative of work done by Marco. The Court has reviewed the entries, and concludes that the work was reasonably categorized as paralegal work and is not duplicative of Marco's work on the stated dates.

Of the 18.8 hours spent by Marco, lead counsel, United Financial asserts that his billing records reflect excessive references for time spent on the "review file" on February 13, February 16, February 26, March 22, March 29, April 2, April 5, April 6, April 8, April 10, May 13, May 18, May 21, May 27, June 1, June 2 (twice), June 3, June 9, June 15, June 21, June 30, July 12 and July 13, 2010. Review of each of the challenged entries discloses that Marco reviewed the file in conjunction with substantive tasks. The time will be allowed.

United Financial also maintains that the Court should not award fees for time spent by Marco preparing internal memos on February 16, March 22, March 29, April 2, April 5, April 6, April 10, May 10, June 30 (twice), July 8, and July 12, 2010. United Financial cites no authority for disallowing time spent preparing internal memos. The time will be allowed.

In addition, United Financial asserts that Marco duplicated time with the paralegal and spent unreasonable amounts of time on February 13, 16, and 26, 2010, which contains three time entries totaling 2.7 hours for reviewing the file and preparing the complaint. United Financial also objects to time expended on April 2, 2010, for .3 hours of research on claims that were not brought; on June 1, 2010, for 1.2 hours which it asserts is excessive and work that is non-compensable because it includes time preparing notes to the file, review of the file and pleadings, review of the standing order; and, on June 2, 2010, for

5

1.7 hours to prepare the amended complaint which United Financial claims was necessitated by counsel's failure to identify the actual debt that Walker owed to Mobile Solutions. United Financial also asserts that the .3 hours entry for June 9, 2010, does not provide sufficient support for the time spent and that the .9 hours associated with the Rule 16 scheduling conference should be no more than .5 hours.

The Court has reviewed each of the challenged entries. An attorney would not bill a client for claims that were not brought. Therefore, the Court will deduct the .3 hours ($75.00 in fees) on April 2, 2010, devoted to research on those claims. Additionally, this Court does not have a standing order regarding Rule 26(f) conferences. So, .2 hours ($50.00 in fees) of counsel's 1.2 hours on June 1, 2010, which includes time claimed to review the Judge's standing order for conference requirements and call with counsel to discuss compliance with the standing order will be disallowed. The 1.7 hours ($425.00 in fees) associated with preparation of the amended complaint due to counsel's error are also disallowed. With exception of the time spent updating biographies, the additional 2.60 hours spent by Marco reviewing the response to his fee motion and preparing the reply in support of Walker's motion and the supplemental fee motion are reasonable. The Court will reduce the claimed fees for time spent on updating biographies. Such time should not be billed to a client and .2 hours of Marco's claimed time ($50.00) are disallowed. In all other respects, Marco's time claimed reflects time reasonably spent on this matter that is adequately documented and is allowed. Thus, Marco's fees are reduced by $600.00.

On the final page of its response brief, United Financial states that no attorneys' fees should be awarded for work done after the offer of judgment was accepted, citing *Marek v. Chesny*, 473 U.S. 1, 5 (1985). United Financial asserts that it would only give incentives to plaintiff's attorneys if attorneys' fees were allowed after acceptance of a Rule 68[1] offer.

In response, Walker indicates that Rule 68 does not preclude an award of attorneys' fees where the underlying statute does not define costs as including attorneys' fees. Walker also maintains that courts have allowed a plaintiff who accepted an offer of judgment providing for costs, but silent on attorneys' fees, to file an additional motion for attorneys' fees citing *Hennessy v. Daniels Office*, 270 F.3d 551 (8th Cir. 2001).

In *Hennessy*, an FDCPA case, the court held that the offer of judgment stating that the defendants offered "judgment in the amount of One Thousand Dollars ($1,000.00)," was ambiguous because "[a]s the Seventh Circuit has observed, the word "judgment," standing alone, "can mean either the substantive relief ordered (whether legal or equitable), or that plus attorneys' fees." *Id*. at 553 (citing *Nordby v. Anchor Hocking Packaging Co.*, 199 F.3d 390, 392 (7th Cir. 1999)). Applying fundamental principles of contract law, the court found that a contract had been formed by the parties when Hennessy accepted the offer, construed the ambiguous term against Daniels, the drafter of the offer, and held that Daniels was liable for attorneys' fees.

---

[1] Federal Rule of Civil Procedure 68 "allows judgment to be taken against the defendant for both damages caused by the challenged conduct and the costs then accrued." *Marek*, 473 U.S. at 6. A party defending a claim may serve an opposing party an offer to allow judgment at least fourteen days before trial. Fed. R. Civ. P. 68. If within fourteen days after being served, the opposing party serves written acceptance, either party may file the offer and notice of acceptance; and the clerk must enter judgment. *Id.* The rule also provides that if the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the the offeree must pay the costs incurred after the offer was made. *See* Fed. R. Civ. P. 68(d).

In *Webb v. James*, 147 F. 3d 617, 619 (7th Cir. 1998), an Americans with Disabilities ("ADA") action, the court considered an accepted offer of judgment which stated that "[t]he Defendants, Dick James and Dick James Ford, Inc., by their attorneys, Steven C. Wolf and Victoria A. Barnes, hereby make an offer of judgment in the above-captioned matter in the amount of Fifty Thousand Dollars ($50,000.00) pursuant to Federal Rule of Civil Procedure 68." The offer did not address costs or fees. Relying on *Marek*, the court held that "Rule 68 offers must include costs" and that "if the offer is silent as to costs, the court may award an additional amount to cover them," adding that "[w]here costs are defined in the underlying statute to include attorney's fees, the court may award fees as part of costs as well." *Id*. at 622 (citing *Marek*, 473 U.S. at 9). Therefore, the court referred to the ADA and found that under the plain language of the relevant ADA statute, 42 U.S.C. § 12205, stating that "[i]n any action or administrative proceeding commenced pursuant to this chapter, the court . . . in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expense, and costs," Congress did not define attorney's fees as costs. *Webb*, 147 F.3d at 623. Thus, the court determined that under *Marek*, Webb was entitled to costs over and above the amount specified in the Rule 68 offer, but Webb was not entitled to fees as part of an award of costs. *Id.* at 622-23.

However, the court's inquiry was not complete. It then considered the ADA's provision allowing attorneys' fees to the prevailing party and found that Webb was the prevailing party. *Id*. at 623. The court reasoned that, because Rule 68 puts plaintiffs at their peril whether or not they accept the offer, the defendant must make clear whether the offer is

8

inclusive of fees when the underlying statute provides fees for the prevailing party and that the plaintiff should not be left in the position of guessing what a court will later hold the offer means. *See id*. The court also observed that its holding was consistent with the contract rule of construction that ambiguities be construed against the drafter. *Id*.

The Rule 68 offer accepted by Walker states United Financial "serves upon plaintiff's counsel this offer of settlement for the sum of $1,000.00 plus reasonable attorney fees and costs." (Docket No. 18, Ex. A.) Neither party addresses the import of the specific language of the offer on their positions. However, the issue raised by United Financial requires that it be considered.

Unlike *Webb* and *Hennessy*, the offer addresses attorneys' fees and costs. Of the numerous decisions reviewed by the Court in considering Walker's motion, the offer she received is most similar to that involved in *Holland v. Roeser*, 37 F.3d 501, 503-04 (9th Cir. 1994). Like the offer in *Holland*, the offer includes attorneys' fees, but does not provide a temporal element for those fees and is, therefore, ambiguous. *See id*. at 504. As the prevailing party, under the FDCPA, Walker may recover attorneys' fees, independent of any limitation on costs. Since United Financial drafted the offer and it is ambiguous, the offer is construed against United Financial. Therefore, Walker may recover post-offer attorneys' fees. *See id*.

All the hours claimed subsequent to the acceptance of the Rule 68 were related to recovering attorneys' fees and costs. Fees for preparation of the fee motion may be recovered. *See e.g. Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 411 (7th Cir. 1999) (hours expended on fee motion should be in proportion to reasonable hours billed); *Spegon*, 175 F.3d

at 554-55 (upholding reduction from 9 hours to 1.6 hours of time for preparation of two attorneys' fees motions). The 6.5 hours reflects a considerable amount of time devoted to the fee motion, in comparison to the total amount of time devoted to this action. However, Walker was confronted with an extremely detailed response to its fees' motion that closely examined the supporting billing records and that also presented a truncated Rule 68 argument. Therefore, the Court declines to reduce the time claimed for preparation of the fee motion and related submissions. The Court has also considered whether to adjust the loadstar figure and has decided that no adjustment is appropriate.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Walker's motion for costs and attorneys' fees is **GRANTED** to the extent that she is awarded $5839.50 in attorneys' fees.

Dated at Milwaukee, Wisconsin this 30th day of November, 2010.

**BY THE COURT**

*s/ Rudolph T. Randa*
**Hon. Rudolph T. Randa**
**U.S. District Judge**